UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK, 60 MASSACHUSETTS AVENUE, NE, WASHINGTON, DC 20002**<br><br>            Plaintiff,<br>    -against-<br><br>**TIBURON LOCKERS, INC. , 22 PARIS AVENUE, SUITE 106, ROCKLEIGH, NJ 07647**<br><br>            Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff National Railroad Passenger Corporation ("Amtrak" or "Plaintiff") brings this Complaint seeking eviction of, and damages, attorney's fees and costs against, Tiburon Lockers, Inc. ("defendant" or "Tiburon"), and states the following:

### PARTIES

1. Plaintiff Amtrak is a corporation created by an Act of Congress, 49 U.S.C. § 24101 et seq.

2. Defendant, a New Jersey corporation with a principal place of business of Rockleigh, New Jersey, operates a short term rental storage locker business at Amtrak's Union Station, located at 50 Massachusetts Avenue NE, Washington, DC, 20002.

### JURISDICTION

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Amtrak was created by an Act of Congress, 49 U.S.C. § 24101 et seq., and more

1

than one-half of its capital stock is owned by the United States. See 28 U.S.C. §1349.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because, pursuant to 49 U.S.C. § 24301(b), "Amtrak is a citizen only of the District of Columbia in deciding original jurisdiction of the district courts of the United States in a civil action," defendant is incorporated in New Jersey and its principal place of business is in Rockleigh, New Jersey. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Amtrak seeks to regain possession of valuable real estate located in Union Station, and is entitled, under the lease, to double rent for any holdover period, and its attorneys' fees and costs incurred in this action.

5. The Court has personal jurisdiction over defendant, pursuant to the District of Columbia's long arm statute, D.C. Code § 13–423(a)(1), because Tiburon has been conducting business in the District of Columbia for approximately ten (10) years, operating a business that provides short term rental storage lockers at Amtrak's Union Station, Washington, DC.

6. The United States District Court for the District of Columbia is the appropriate venue for this action, pursuant to 28 U.S.C. §1391(b)(1) and (2), because plaintiff is a resident of the District of Columbia and the property that is the subject of this action is located within the District of Columbia.

**COUNT ONE - EVICTION**

7. Amtrak seeks possession of a six hundred and seventy-five square foot commercial property located at Amtrak's Union Station, 50 Massachusetts Avenue NE, Washington, DC 20002 (the "Property"), which was leased to defendant by Amtrak and which is currently occupied by defendant without right.

8. Plaintiff has the right to demand possession because defendant's lease term has

expired.

9. Defendant leased the Property from Amtrak pursuant to the terms of a September 17, 1992 lease (the "Original Lease"), which was assigned to defendant on February 26, 2008, pursuant to the "Second Assignment and Assumption and Fifth Amendment of Lease and Consent of Landlord Agreement" ("Tiburon Assignment").

10. On February 4, 2011, the Original Lease was amended for the sixth time, which, inter alia, amended the Term of the lease to "a period of Five (5) years commencing on March 1, 2011 and ending on the last day of February 2016."

11. On December 21, 2015, the Original Lease was amended for the seventh time, amending, inter alia, Section 1.1.2 of the Original Lease to state, in pertinent part, "the Term of this Lease shall be extended on a month to month basis unless terminated by either party giving sixty (60) day written notice to the other or unless sooner terminated pursuant to the terms herein "Extension Term")."

12. On September 27, 2016, by way of letter sent via Federal Express to Jared Lowenthal, CEO and President of defendant, from Linda Frankel, Amtrak Senior Real Estate Development Manager, Tiburon was notified of Amtrak's decision to terminate the lease effective as of December 31, 2016.

13. The September 27, 2016 letter provided defendant with more than sixty (60) days written notice of Amtrak's decision to terminate the lease.

14. A letter from defendant's counsel dated October 31, 2016, acknowledged plaintiff's letter terminating defendant's lease.

15. On December 9, 2016, Amtrak sent an e-mail to defendant's CEO seeking prompt confirmation that Tiburon would vacate the leased premises at Union Station by the lease termination date, December 31, 2016. Defendant never responded to that email.

16. As of January 2, 2017, defendant has not vacated the premises.

## **COUNT TWO – DOUBLE RENT**

17. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1 – 16 of this Complaint.

18. Plaintiff seeks double rent, pursuant to Section 3.3 of the Original Lease, entitled "Holding Over," which states in pertinent part:

> Tenant hereby agrees that if it fails to surrender the Premises at the end of the Term, or any renewal thereof, to Landlord without the express written consent of Landlord, Tenant (i) will be liable to Landlord for any and all damages which Landlord will suffer by reason thereof, (ii) will indemnify Landlord against all claims and demands made by any succeeding tenants against Landlord, founded upon delay by Landlord in delivering possession of the Premises to such succeeding tenant, and (iii) will pay Landlord, a Rent equal to twice the Rent payable by Tenant to Landlord during the last Rent Year of the term. The inclusion of this provision will not be construed as Landlord's consent for Tenant to holdover.

19. Under the terms of the Seventh Amendment to Lease Agreement, the monthly rent is governed pursuant to the terms of the "Extension Term," specifically:

> During the Extension Term, "Minimum Rent" shall mean $43,713.00 annually, payable in monthly installments of $3,642.83. Commencing every March 1, thereafter, the Minimum Rent shall increase by 4%.

20. Defendant's annual rent is $43,713.00, or approximately $122.78 per day. Therefore, defendant owes plaintiff $245.56 for every day it remains in possession after December 31, 2016.

## COUNT THREE – ATTORNEYS' FEES

21. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1 – 20 of this Complaint.

22. Plaintiff seeks attorneys' fees and costs pursuant to the last provision of Section 17.3 of the Original Lease, which states:

> Any costs and expenses incurred by Landlord (including, without limitation, reasonable attorneys' fees) in enforcing any of its rights or remedies under this Lease will be deemed to be Additional Rent and will be repaid to Landlord by Tenant upon demand.

23. Plaintiff, in enforcing its rights under the Seventh Amendment to Lease Agreement, has incurred attorneys' fees and costs in bringing this action to evict defendant, who has without right remained in the Property beyond the term set forth in the lease agreement.

**WHEREFORE**, plaintiff demands judgment against defendant, ejecting defendant from the Property, plus reasonable attorneys' fees and costs, double rent, interest, and all other relief the Court deems just and equitable.

  /s/ Gerald T. Ford
Gerald T. Ford
I.D. No. NY0169
LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 4th Floor
Newark, New Jersey 07102
Email: gford@lcbf.com
PH: (973) 623-2700
Fax: (973) 623-4496

Attorneys for Plaintiff Amtrak

Dated: January 3, 2017